## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, BOILERMAKERS NATIONAL ANNUITY TRUST, BOILERMAKERS' NATIONAL APPRENTICESHIP PROGRAM, THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND, and JOHN FULTZ as a fiduciary for all of the above-named Funds,<br><br>Plaintiffs,<br><br>v.<br><br>REYNOLDS MANUFACTURING CO., INC.,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

1. This action arises from Defendant Reynolds Manufacturing Co., Inc.'s ("Defendant") failure to permit Plaintiffs, Boilermaker-Blacksmith National Pension Trust, Boilermakers National Health and Welfare Fund, Boilermakers National Annuity Trust, Boilermakers' National Apprenticeship Program, the Mobilization, Optimization, Stabilization and Training Fund (collectively the "Funds") to conduct an audit of Defendant's payroll records in violation of certain collective bargaining agreements and the incorporated Trust documents.

## REQUEST FOR PLACE OF TRIAL

2. Pursuant to District of Kansas Rule 40.2, the Plaintiffs request that trial be held in Kansas City, Kansas.

3. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

4. The Funds are multi-employer trust funds within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37) and have been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).

5. The Funds are maintained for the purpose of providing retirement, medical and related benefits to eligible participants and beneficiaries.

6. Plaintiff John Fultz is a trustee and fiduciary for each of the Funds within the meaning of Section 3 of ERISA, 29 U.S.C. §1002(21), and as such, is a proper party to this action.

7. Plaintiffs are administered within this judicial District.

8. Defendant was obligated to make contributions to the Funds under one or more collective bargaining agreements ("the CBA") with the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers Local Lodge 154.

9. Defendant is or was engaged in the construction business and maintains its principal place of business at 621 Railroad Avenue, Avonmore, Pennsylvania 15618.

10. Pursuant to the aforesaid CBA and the provisions of ERISA, Plaintiff Funds have the right to examine and audit Defendant's books and payroll records to determine whether Defendant has made proper deductions, contributions, payments and remittances for all employees covered by the CBA.

11. In violation of the CBA, Defendant has failed to submit such reports and has refused to make available its books and payroll records for an audit.  Plaintiff Funds are unable to accurately determine what amounts are due under the CBA without receipt of such reports and the performance of such an audit.

12. Pursuant to the CBA, the incorporated trust agreements, as well as the provisions of ERISA, Defendant is also obligated to Plaintiff Funds for all reasonable auditing

and attorneys' fees and other legal expenses incurred in securing said audit and in collecting any delinquencies determined to be owed by Defendant as a result thereof.

13. Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant is ordered to specifically perform under the federal statutes and the CBA herein described and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Funds demand the following relief against Defendant:

a. A preliminary and/or permanent injunction enjoining Defendant from violating the terms of such CBA and directing said Defendant to make immediate payments of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to said CBA, and enjoining Defendant from disposing of assets; and

b. For Defendant to be required to file complete reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present; and

c. For Defendant to be required (in compliance with said CBA) to present for inspection and/or copying all payroll, tax and other records pertaining to hours worked by such Defendant's employees from January 1, 2017 to December 31, 2017 to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing to the Plaintiff; and

d. For a money judgment in favor of Plaintiff and against Defendant in the sum of all amounts shown to be owed as a result of any audit performed by Plaintiff or report filed by Defendant; plus liquidated damages at twelve percent (12%) of the principal delinquency owed by Defendant; interest on both the principal delinquency and liquidated damages at the rate of

       one percent (1%) per month; reasonable auditing fees; reasonable attorneys' fees; and costs of suit; and

e.    For the Court to retain jurisdiction of the case pending compliance with its orders; and

f.    For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
KS ID No. 28000
PA ID No. 90859
ngregorio@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff

TADMS:5198746-2 033794-187457